UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CHRISTY L. KEDDRELL,

                Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

                Defendant.

Case No. 2:18-01097-GMN-PAL

**ORDER**

      This matter involves Plaintiff Christy L. Keddrell's appeal and request for judicial review of the Social Security Administration's ("SSA") decision denying her claim for disability benefits. Before the court is Ms. Keddrell's proposed Second Amended Complaint (ECF No. 6).[1] The Second Amended Complaint is referred to the undersigned for a screening pursuant to 28 U.S.C. §§ 636(b)(1)(A), 1915, and LR IB 1-3 of the Local Rules of Practice.

**I.    SCREENING THE SECOND AMENDED COMPLAINT**

      After granting a request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915, federal courts must screen a complaint and any amended complaints before allowing a case to move forward, issuing summonses, and requiring a responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although Rule 8 does not require detailed factual

---

[1] The proposed second amended complaint generically names the SSA as the defendant in this action. The prior Screening Order (ECF No. 3) advised Ms. Keddrell that the proper defendant is the Commissioner of SSA, not the SSA itself. Nancy A. Berryhill is the Acting Commissioner of Social Security. The court therefore substitutes Nancy A. Berryhill for the "Social Security Administration" as the defendant in this case. *See* Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g).

- 1 -

allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Here, Ms. Keddrell filed an Amended Complaint (ECF No. 5) on September 18, 2018, using the court's form complaint for review of social security decision. One week later she filed a Second Amended Complaint (ECF No. 6) providing more detailed information regarding her benefits claim. As such, the court will screen her second proposed amendment.

Keddrell challenges a decision by the Social Security Administration ("SSA") denying her supplemental security income under Title XVI of the Act. 2nd Am. Compl. (ECF No. 6) ¶ 3. To state a valid benefits claim, a complaint must give the Commissioner fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (noting that a complaint must contain sufficient factual allegations "to enable the opposing party to defend itself effectively"). A plaintiff must present sufficient detail for the court to understand the disputed issues so that it can meaningfully screen the complaint. *See* 4 Soc. Sec. Law & Prac. § 56:4 (2016); 2 Soc. Sec. Disab. Claims Prac. & Proc. §§ 19:92–93 (2nd ed. 2015). To do so, a complaint should state *when* and *how* a plaintiff exhausted her administrative remedies with the SSA and the nature of her disability, including the date she claims she became disabled. The complaint should also contain a short and concise statement identifying *why* the SSA's decision was wrong and showing that the plaintiff is entitled to relief. *See Sabbia v. Comm'r Soc. Sec. Admin.*, 669 F. Supp. 2d 914, 918 (N.D. Ill. 2009), *aff'd by* 433 F. App'x 462 (7th Cir. 2011).

**A. Exhaustion of Administrative Remedies**

Before a plaintiff can sue the SSA in federal court, she must exhaust her administrative remedies. 42 U.S.C. § 405(g); *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies an application for disability benefits, a claimant can request reconsideration of the decision. If the claim is denied upon reconsideration, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to

review the ALJ's decision, a claimant may then request review by the United States District Court. *See* 20 C.F.R. §§ 404.981, 416.1481. A civil action for judicial review must be commenced within 60 days after receipt of the Appeals Council's notice of a final decision. *Id. See also* 20 C.F.R. § 405.501. The SSA assumes that the notice of final decision will be received within five days of the date on the notice unless shown otherwise; thus, an action commenced within 65 days is presumed timely. The civil action must be filed in the judicial district in which the plaintiff resides. 42 U.S.C. § 405 (g).

In this case, Ms. Keddrell filed her IFP Application (ECF No. 1) and original complaint (ECF No. 1-1) on June 20, 2018. In dismissing the original complaint for various pleading deficiencies, the court noted that it was unable to determine whether she had timely commenced this action because the complaint did not state whether she requested review by the Appeals Council or whether the Appeals Council denied such request. *See* Screening Order (ECF No. 3) at 4:13–14. Keddrell now alleges the Appeals Council denied her request for review on March 22, 2018. *See* 2nd Am. Compl. (ECF No. 6) at ¶ 5. Thus, it appears she has exhausted her administrative remedies, but may not have timely filed this action within 65 days of the Appeals Council's denial as her initial complaint was not filed until June 20, 2018.

The 60-day time limitation provided in 42 U.S.C. § 405(g) may be extended by either: (a) the Commissioner pursuant to 20 C.F.R. §§ 404.1482 or 404.1411; or (b) the courts applying equitable tolling principles. *See Johnson v. Shalala*, 2 F.3d 918, 923 (9th Cir. 1993) (citing *Bowen v. City of New York*, 476 U.S. 467, 479 (1986)). The 60-day filing requirement provided for in § 405(g) is treated as a statute of limitations period, is not jurisdictional, and is subject to equitable tolling. *Bowen*, 476 U.S. at 479.

Ms. Keddrell has not alleged that she received an extension of time from the Commissioner to file a civil action in federal court. Because the 60-day limitations period is not a jurisdictional bar, the court will screen the Second Amended Complaint. However, this screening order makes no finding that the action was timely commenced or that equitable tolling applies. Both the Complaint and Second Amended Complaint indicate that she resides within the District of Nevada. Accordingly, Keddrell has satisfied these two prerequisites for judicial review.

**B. Grounds for Ms. Keddrell's Appeal and the Nature of the Disability**

The Second Amended Complaint seeks judicial review of the Commissioner's decision denying benefits. A district court can affirm, modify, reverse, or remand a decision if a plaintiff has exhausted his or her administrative remedies and timely filed a civil action. However, judicial review of the Commissioner's final decision is limited to determining whether: (1) there is substantial evidence in the record as a whole to support the Commissioner's findings; and (2) the correct legal standards were applied. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

Upon review of the original one-page complaint, the court determined that Ms. Keddrell failed to state a claim upon which relief can be granted. *See* Screening Order (ECF No. 3). She did not state the nature of her disability or allege when it commenced. *Id*. Additionally, Keddrell merely alleged that the Commissioner's decision to deny benefits was wrong but failed to indicate *why* the decision was wrong. *Id*. The court found that a complaint merely stating that the decision was wrong but failing to describe the underlying reasons was insufficient to satisfy Rule 8's pleading requirement. *Id*. (citing *Starr*, 652 F.3d at 1216).

The Amended Complaint alleges that Ms. Keddrell applied for benefits on July 27, 2015. 2nd Am. Compl. (ECF No. 6). She alleges that she suffers from brain tumors, severe hyperstosis frontalis, seizure disorder (epilepsy), severe migraines, chronic headaches, depressive disorder, anxiety disorder, residual GBS, and PTSD. She claims that certain medical records were omitted from the Commissioner's administrative record, and the ALJ incorrectly interpreted other medical records. Despite her impairments, the ALJ found that Keddrell had the residual functional capacity to perform sedentary work. Keddrell alleges that the ALJ's decision lacks the support of substantial evidence. The ALJ erred by ignoring evidence that Keddrell is unable to perform chores. The ALJ improperly rejected the reports of Drs. Zedek, Polk, Lott, and Yazdani, who purportedly opined that Keddrell's impairments will prevent her from engaging in any gainful activity for the remainder of her life. The Amended Complaint contains sufficient allegations of underlying facts to give the Commissioner fair notice of Ms. Keddrell's disagreement with the

SSA's final determination. The court therefore finds that her Second Amended Complaint states a claim for initial screening purposes.

Based on the foregoing,

**IT IS ORDERED**:

1. The Clerk of Court shall **SUBSTITUTE** Nancy A. Berryhill, Acting Commissioner of Social Security, for "Social Security Administration" as the defendant in this suit.

2. The Clerk of Court shall **FILE** ECF No. 6 as Keddrell's Second Amended Complaint.

3. The Clerk of the Court shall **ISSUE SUMMONS** to the United States Attorney for the District of Nevada and **DELIVER** a copy of this Order, the summons, and Second Amended Complaint to the U.S. Marshal for service.

4. The Clerk of the Court shall also **ISSUE SUMMONS** to the Commissioner of Social Security and the Attorney General of the United States.

5. The Clerk of the Court shall **SERVE** the Commissioner by sending a copy of this Order, the summons, and Second Amended Complaint by certified mail to: (1) Office of Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear Street, Suite 800, San Francisco, California 94105-1545; and (2) Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530.

6. From this point forward, Ms. Keddrell shall serve on the Commissioner or, if appearance has been entered by counsel, on the attorney, a copy of every pleading, motion, or other document filed with the Clerk of the Court pursuant to LR IC 1-1 and 4-1 of the Local Rules of Practice. In accordance with LR IC 4-1(d), the parties shall include with each filing a certificate of service stating that a true and correct copy of the document was served on an opposing party or counsel for an opposing party and indicating how service was accomplished. The court may disregard any paper received by a district judge or magistrate judge that has not been filed with the Clerk of the Court, and any paper received by a district judge, magistrate judge, or the Clerk of the Court that fails to include a certificate of service.

7. Following the Commissioner's filing of an answer, the court will issue a scheduling order setting a briefing schedule.

Dated this 17th day of October 2018.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE