1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                         DISTRICT OF NEVADA

                                   * * *

7   CHRISTY L. KEDDRELL,                    Case No. 2:18-cv-01097-GMN-PAL

8                        Plaintiff,

9        v.                                 **REPORT OF FINDINGS AND
                                            RECOMMENDATION**
10  NANCY A. BERRYHILL, Acting
    Commissioner of Social Security,

11
                         Defendant.
12

13        This matter involves Plaintiff Christy L. Keddrell's appeal and request for judicial review

14  of the final decision by Defendant Nancy A. Berryhill, the Acting Commissioner of Social Security

15  (the "Commissioner"), on her claims for disability insurance benefits under Title II of the Social

16  Security Act ("Act"), 42 U.S.C. §§ 401–33, and supplemental security income under Title XVI of

17  the Act, 42 U.S.C. §§ 1381–83.  Ms. Keddrell is proceeding in this social security appeal *pro se*

18  and *in forma pauperis*.  Screening Order (ECF No. 3).

19        Before the court is the Commissioner's Motion to Dismiss (ECF No. 18).  This motion is

20  referred to the undersigned magistrate judge to prepare a report of findings and recommendations

21  pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.  The court has

22  considered the Commissioner's motion.  Ms. Keddrell did not file a response and the deadline for

23  doing so has expired.  As such, the Commissioner did not file a reply.  For the reasons explained,

24  the court recommends the motion be granted.

25                              **BACKGROUND**

26  **I.    MS. KEDDRELL'S CLAIMS**

27        This civil action challenges the adverse decision on Ms. Keddrell's claims for disability

28  insurance and supplemental security income.  She applied for Title II benefits in July 2015, and

- 1 -

Title XVI benefits in August 2015.  Decl. of Christianne Voegele (ECF No. 18-1) at 2, ¶ 3(a).  The Social Security Administration ("SSA") denied her application initially and on reconsideration. *Id.*  She requested a hearing before an Administrative Law Judge ("ALJ").  *Id.* at 3, ¶ 3(b).  The ALJ held a hearing on March 22, 2018, and issued an unfavorable decision on April 20, 2018.  *Id.*; *see also* Decl. Ex. (ECF No. 18-1) at 17–38, ALJ's Decision.  The ALJ sent Ms. Keddrell a "Notice of Decision – Unfavorable."  *Id.* at 14–16.  The Notice states:

> **If You Disagree With My Decision**
>
> If you disagree with my decision, you may file an appeal with the Appeals Council.
>
> **How To File An Appeal**
>
> To file an appeal you or your representative must ask in writing that the Appeals Council review my decision. …
>
> Please send your request to:
>
> > Appeals Council
> > Office of Disability Adjudication and Review
> > 5107 Leesburg Pike
> > Falls Church, VA 22041-3255
>
> **Time Limit To File An Appeal**
>
> You must file your written appeal within 60 days of the date you get this notice. The Appeals Council assumes you got this notice 5 days after the date of the notice unless you show you did not get it within the 5-day period….

*Id.* at 14.  In cases where a claimant does not appeal an ALJ's decision to the Appeals Council, the Notice states: "*You will not have the right to Federal court review.*"  *Id.* at 15 (emphasis added).

## II.    RELEVANT PROCEDURAL FACTS

Ms. Keddrell initiated this civil action on June 20, 2018, by filing an Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and proposed complaint.  The court reviewed the complaint and issued a Screening Order (ECF No. 3) instructing Ms. Keddrell to file an amended complaint to correct certain defects in her pleading.  The court also noted it was unable to determine whether she had timely commenced this action because the complaint did not state whether she requested review by the Appeals Council or whether the Appeals Council denied such request.  *Id.* at 4:13–14.

Ms. Keddrell filed an Amended Complaint (ECF No. 5) on September 18, 2018, using the court's form complaint for review of social security decisions.  One week later she filed a Second Amended Complaint (ECF No. 6) providing more detailed information regarding her claims.  Ms.

1    Keddrell alleges the Appeals Council denied her request for review on March 22, 2018.  2nd Am.

2    Compl. (ECF No. 6) ¶ 5.  Based on the new allegation, the court stated, "it appears she has

3    exhausted her administrative remedies, but may not have timely filed this action within 65 days of

4    the Appeals Council's denial as her initial complaint was not filed until June 20, 2018."  Order

5    (ECF No. 7) at 3.  Ms. Keddrell did not allege that she received an extension of time from the

6    Commissioner to file a civil action in federal court.  *Id.*  Because the 60-day limitations period is

7    not a jurisdictional bar, the court rescreened the second amended complaint but specifically noted

8    that the order "makes no finding that the action was timely commenced or that equitable tolling

9    applies."  *Id.*  The court determined that Ms. Keddrell stated a plausible claim and directed service

10   of the second amended complaint.  *Id.*

11       Following service, the Commissioner filed an Answer (ECF No. 14).  On January 24, 2019,

12   the Commissioner filed the current motion.

13   **III.    COMMISSIONER'S MOTION TO DISMISS (ECF NO. 18)**

14       The Commissioner argues that dismissal is appropriate under Rule 12(b)(1) of the Federal

15   Rules of Civil Procedure because Ms. Keddrell failed to exhaust her administrative remedies.[1]  The

16   motion contends that the SSA has no record of Ms. Keddrell asking the Appeals Council to review

17   the ALJ's unfavorable decision. Voegele Decl. (ECF No. 18-1) at 3, ¶ 3(c).  Thus, the court lacks

18   subject matter jurisdiction in this case.  Although the Commissioner filed an Answer (ECF No. 14)

19   in December 2018, the lack of subject matter jurisdiction cannot be waived.  The Act requires

20   claimants to exhaust all available administrative remedies before seeking judicial review of such

21   claim under 42 U.S.C. § 405(g).  The SSA provided Ms. Keddrell notice of her right to request

22   Appeals Council review along with the copy of the ALJ's decision.  Decl. Ex. (ECF No. 18-1) at

23   14–38.  Instead of exercising that right, Ms. Keddrell prematurely filed her appeal with this court.

24   Consequently, there is no "final decision" by the Commissioner for which this court has subject

25   matter jurisdiction and this case must be dismissed. Mot. at 3–4 (citing 20 C.F.R. § 404.900(a)(5)

26   ("When you have completed the steps of the administrative review process . . . we will have made

27   _____

28   [1]  Any reference to a "Rule" or the "Rules" in this Report of Findings and Recommendation refers to the Federal Rules of Civil Procedure.

1  our final decision.  If you are dissatisfied with our final decision, you may request judicial review

2  by filing an action in a Federal district court").

3         Ms. Keddrell did not file a response and the deadline for doing so has expired.

4  **DISCUSSION**

5  **I.**    **LEGAL STANDARDS**

6     **A.  Motion to Dismiss Standard**

7         Federal courts are courts of limited jurisdiction.  *Exxon Mobil Corp. v. Allapattah Servs.*,

8  *Inc.*, 545 U.S. 546, 552 (2005).  "A federal district court is obligated to ensure it has jurisdiction

9  over an action, and once it determines it lacks jurisdiction, it has no further power to act."  *Guerra*

10  *v. Hertz Corp.*, 504 F. Supp. 2d 1014, 1017–18 (D. Nev. 2007) (citing *Steel Co. v. Citizens for a*

11  *Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any

12  cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function

13  remaining to the court is that of announcing the fact and dismissing the cause.").  Because subject

14  matter jurisdiction goes to the power of the court to hear a case, it is a threshold issue and may be

15  raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products*,

16  *Inc.*, 93 F.3d 593, 594–95 (9th Cir. 1996).  Therefore, even if the parties do not address the issue,

17  district courts are still under a special obligation to satisfy questions of subject matter jurisdiction.

18  *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

19         Rule 12(b)(1) allows defendants to seek dismissal of a claim or action based on a lack of

20  subject matter jurisdiction.  Dismissal under Rule 12(b)(1) is appropriate if the complaint,

21  considered in its entirety, fails to allege facts on its face that are sufficient to establish subject

22  matter jurisdiction.  *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d

23  981, 984–85 (9th Cir. 2008).  Although the defendant is the moving party in a motion to dismiss

24  brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction.  As a result,

25  the plaintiff bears the burden of proving that the case is properly in federal court.  *McCauley v.*

26  *Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. Gen. Motors Acceptance*

27  *Corp.*, 298 U.S. 178, 189 (1936)).

28

Attacks on jurisdiction pursuant to Rule 12(b)(1) can be either facial, confining the inquiry to the allegations in the complaint, or factual, permitting the court to look beyond the complaint. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). " 'A facial attack accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction'." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) (quoting *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)). "By contrast, a factual attack 'contests the *truth* of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings'." *Id.* (quoting *Leite*, 749 F.3d at 1121); *accord Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "Only upon a factual attack does a plaintiff have an affirmative obligation to support jurisdictional allegations with proof." *NewGen*, 840 F.3d at 614 (citing *Leite*, 749 F.3d at 1121).

In response to a factual attack, plaintiffs "must present 'affidavits or any other evidence necessary to satisfy their burden of establishing that the court, in fact, possesses subject matter jurisdiction'." *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016) (quoting *Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009) (internal alteration omitted)). " 'The district court may look beyond the pleadings to the parties' evidence without converting the motion to dismiss into one for summary judgment'." *Id.* (quoting *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). In evaluating the evidence, the court need not presume the truthfulness of a plaintiff's allegations. *Id.* (quoting *White*, 227 F.3d at 1242). Any factual disputes, however, must be resolved in a plaintiff's favor. *Id.* (citing *Dreier v. United States,* 106 F.3d 844, 847 (9th Cir. 1996)).

**B.  Exhaustion of Administrative Remedies for SSA Appeals**

It is well-established that the United States is immune from suit without its consent. *E.g.*, *United States v. Navajo Nation*, 556 U.S. 287, 289 (2009). However, the Act provides a limited consent to be sued (*i.e.*, a waiver of sovereign immunity) to allow judicial review of the Commissioner's final decisions. 42 U.S.C. § 405(g). The statute provides that any individual who is dissatisfied with "any *final* decision of the Commissioner of Social Security made after a hearing to which he was a party ... may obtain a review of such decision by a civil action commenced

- 5 -

within sixty days after the mailing to him of notice of such decision...." *Id.* (emphasis added). Congress has made clear that this is the only manner in which a decision by the Commissioner of Social Security may be challenged. *Id.* § 405(h). What constitutes a "final decision" is defined through agency regulations. *Id.* § 405(a); *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975).

Federal regulations set out how a claimant obtains a final decision from the Commissioner. 20 C.F.R. § 404.900. First, an initial determination is made as to the person's eligibility or continued eligibility for benefits. 20 C.F.R. § 404.902. A notice of this initial determination is issued, in which the claimant is informed that she must request reconsideration within 60 days of receipt of the notice. 20 C.F.R. §§ 404.904, 404.909(a)(1). Such reconsideration may take the form of a case review or a disability hearing, depending on what is at issue in the particular case. 20 C.F.R. § 404.913. If dissatisfied with the result of the reconsideration, the claimant may once again appeal within 60 days of the receipt of the decision, this time by requesting a hearing before an ALJ. 20 C.F.R. §§ 404.929, 404.933(b)(1). Within 60 days of an unfavorable decision by an ALJ, the claimant may apply for review by the SSA's Appeals Council. 20 C.F.R. §§ 404.967, 404.968. If the Council elects to review the claim, its decision will be final. 20 C.F.R. § 404.981. If the Council declines review, the ALJ's ruling will stand as the final decision, and the case will be ripe for judicial review. 20 C.F.R. §§ 404.981, 404.955(b).

Although review by the Council is discretionary, the claimant must still petition for review in order to receive a final decision. *Sims v. Apfel*, 530 U.S. 103, 107 (2000) ("If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases."); *see also Weinberger v. Salfi*, 422 U.S. 749, 765–66 (1975) (a claimant who fails to request the Council's review has failed to exhaust administrative remedies). The ALJ's decision following the hearing does not become the Commissioner's final decision "until the claimant requests review by the appeals council, and the appeals council either grants or denies review." *Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (citing 20 C.F.R. §§ 404.900(a)(5), 404.955, 404.981); *see also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012) (noting that an ALJ's decision is not final "until the Appeals Council denies review or, if it accepts a case for review, issues its own findings on the merits") (citing 20 C.F.R. § 404.955).

Plaintiffs are generally required to exhaust their administrative remedies before filing a suit in federal court. *Bass*, 872 F.2d at 833 ("A claimant's failure to exhaust the procedures set forth in the Social Security Act, 42 U.S.C. § 405(g), deprives the district court of jurisdiction.") (citing *Heckler v. Ringer*, 466 U.S. 602, 617 (1984)). When it comes to judicial review of SSA decisions, exhaustion is a jurisdictional requirement because Congress has mandated that only the Commissioner's final decisions can be reviewed in federal court. 42 U.S.C. § 405(g). Therefore, the court cannot allow a plaintiff to go forward on her claim if it finds that she has not exhausted her administrative remedies. *See, e.g.*, *Jones v. United States*, 813 F. Supp. 2d 210, 212–13 (D.D.C. 2011) (citing *I.A.M. Nat'l Pension Fund Ben. Plan C. v. Stockton TRI Indus.*, 727 F.2d 1204, 1208 (D.C. Cir. 1984) (noting that exhaustion is a "jurisdictional prerequisite")).

## II.  ANALYSIS

As an initial matter, the court notes that Ms. Keddrell failed to respond to the Commissioner's Motion to Dismiss (ECF No. 18). LR 7-2 of the Local Rules of Civil Practice provides that a failure to respond to a motion operates as a consent that the motion be granted. LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."). The Commissioner filed the Motion to Dismiss on January 24, 2019. Under the Local Rules, Ms. Keddrell was required to file and serve a response by February 7th. See LR 7-2(b) (stating that the deadline to file and serve a response to a motion is 14 days after service of the motion). Because no response was filed, Ms. Keddrell has consented to the court granting the Commissioner's Motion pursuant to LR 7-2(d). *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow the district court's local rules is a proper ground for dismissal).

In addition, dismissal is warranted because Ms. Keddrell has failed to carry her burden of showing this court has subject matter jurisdiction. The Commissioner makes a factual challenge to subject matter jurisdiction, asserting that Ms. Keddrell did not ask the Appeals Council to review the ALJ's unfavorable decision. Ms. Keddrell did not oppose this assertion. The operative complaint alleges that the Appeals Council denied her request for review on March 22, 2018. 2nd Am. Compl. (ECF No. 6) ¶ 5. The Commissioner submitted an affidavit and SSA correspondence

refuting this allegation.  In addition, the decision plainly shows the ALJ held a hearing on March 22nd. Decl. Ex. (ECF No. 18-1) at 17–38.  The operative complaint further alleges that the ALJ rendered a decision on April 20, 2018.  *Id.*  The SSA's Notice of Decision explained the appeals process and informed Ms. Keddrell that she was required to file an appeal with the Appeals Council within 65 days.  *Id.* at 14–16.  If she did not, the Notice clearly stated that she would "not have the right to Federal court review." *Id.* at 15.  Ms. Keddrell filed this lawsuit 61 days later, on June 20, 2019.  When a claimant seeks review by the Appeals Council, a decision often takes many months. The Appeals Council would not deny her request for review *before* the ALJ issued the decision.

The uncontroverted evidence demonstrates that Ms. Keddrell filed her lawsuit without filing an appeal with the Appeals Council.  *Compare* 2nd Am. Compl. (ECF No. 6) ¶ 5 *with* Voegele Decl. (ECF No. 18-1) at 3, ¶ 3(c).  Thus, she did not have the right to sue the Commissioner in this court.  As such, the court finds that it lacks subject matter jurisdiction over Ms. Keddrell's Second Amended Complaint.

Based on the foregoing,

**IT IS RECOMMENDED**:

1.  The Commissioner's Motion to Dismiss (ECF No. 18) be **GRANTED**.

2.  The Clerk of Court be instructed to enter judgment accordingly and close this case.

Dated this 6th day of May, 2019.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

## NOTICE

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit.  Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment.  *See* Fed. R. App. P. 4(a)(1).  Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations shall file and serve *specific written objections*, together with points and authorities in support of those

objections, within 14 days of the date of service.  *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72.  The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b).  The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review.  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation.  *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P. 72.